[Cite as *State v. Miku*, 2018-Ohio-4404.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Respondent - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MATHEW NICHOLAS MIKU | : | Case No. 2018CA00094 |
| | : | |
| Petitioner - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2016-CR-0458

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 29, 2018

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

MATHEW NICHOLAS MIKU, pro se
Inmate # A693-135
Belmont Correctional Instituion
P.O. Box 540
St. Clairsville, Ohio 43950-0540

*Baldwin, J.*

{¶1}   Petitioner-appellant Mathew Nicholas Miku appeals from the June 27, 2018 Judgment Entry of the Stark County Court of Common Pleas denying his Petition for Post-Conviction Relief and Motion for Summary Judgment and granting appellee's Motion to Dismiss and for Summary Judgment. Respondent-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   The relevant facts leading to this appeal are as follows.

{¶3}   On the late morning of March 4, 2016, paramedics from the Canton Fire Department were dispatched to a residence on Dewalt Ave. NW in response to a report of an adult woman needing medical assistance.

{¶4}   Appellant lived there with Hailey Miku, his young daughter, and his girlfriend Jessica Bender (who is not the child's mother). The paramedics instead discovered the body of three-year-old Hailey on a mattress in the living room. Paramedic John Huff later testified that appellant appeared "frantic" at the scene. Appellant then stated that Hailey had tripped over a cat and had fallen down a flight of carpeted stairs the previous week. Trial Tr. at 254, 256. Appellant told Huff that he had brought Hailey downstairs after discovering her in an unresponsive state. *Id.* Sergeant Robert Smith and Officer Dave Wolgamott of the Canton Police Department were also dispatched to the scene. According to Sgt. Smith, when he made contact with appellant, his response was: "I'm going to jail, ain't I?" Tr. at 267.

{¶5}   Harry Campbell, the chief investigator for the Stark County Coroner, also came to the scene. He observed that rigor mortis had set in, and he observed *inter alia* "numerous injuries * * * across [Hailey's] scalp, the forehead, the bridge of the nose, and

the right cheek." Tr. at 293. Campbell also noted additional injuries, including abrasions and bruises, about the girl's head and body.

{¶6} Appellant was interviewed by Detective Joseph Mongold at Canton Police headquarters, after signing a written waiver of his *Miranda* rights. Tr. at 455. Appellant told him that the girl's mother, Justina Longwell, had asked him around Thanksgiving of 2015 to watch Hailey for a few days, but that she thereafter avoided resuming physical custody. Tr. at 460–461. Appellant initially maintained his claim that Hailey had fallen down the stairs. As Mongold continued the questioning, he pointed out that the girl's numerous injuries were not consistent with a single fall down the carpeted stairs. Appellant at some point in the process added that she had also fallen off the toilet. Appellant further suggested that the girl may have had a reaction to Tylenol or Ibuprofen. Tr. at 464. At some point, appellant began to concede that he had "severe anger issues," that he usually took his frustration out on Hailey, and that he had a hard time controlling himself when he acted violently. Tr. at 465. He then admitted that he had hit her in the face with an open hand, causing her ear to bleed, and that he had beat her with a curtain rod. Tr. at 467. Ultimately, appellant confessed to the detective that he had gone too far and killed her. Tr. at 468. When asked about Jessica Bender's role in the abuse of Hailey, appellant stated Bender "didn't have a hard bone in her body and wouldn't hurt a fly." *Id.* Appellant also asked Det. Mongold to tell some of the neighbors that he knew what he had done was wrong. Tr. at 470.

{¶7} On July 26, 2016, the Stark County Grand Jury indicted appellant on one count of murder (R.C. 2903.02(B)), a special felony, specifically for knowingly causing the death of another as a proximate result of committing the second-degree felony of child

endangering. Appellant was also indicted on one count of child endangering in violation of R.C. 2919.22(B)(1)(E)(2)(d) and/or (B)(2)(E)(3), a felony of the second degree, specifically for recklessly abusing a child that resulted in serious physical harm to the child, or for recklessly torturing or cruelly abusing the child that resulted in serious physical harm to the child. The State's theory of the case was that appellant beat the child over a three-month period without seeking medical attention for her, resulting in her death.

{¶8} Appellant subsequently pled not guilty to the above charges. On November 21, 2016, appellant filed a Motion to Suppress the statements he made to Detective Mongold during the recorded interview at the Canton Police Department. He argued, in his motion, that his waiver of his constitutional rights and agreement to speak was induced by improper promises made by the detective. Following a hearing on December 1, 2016, the trial court overruled the Motion to Suppress.

{¶9} The case proceeded to a trial by jury commencing on February 6, 2017. During the trial, Dr. Renee Robinson, forensic pathologist at the Stark County Coroner's Office, testified that she had performed the autopsy of Hailey Miku. Dr. Robinson testified that she determined that homicide was the manner of death concerning Hailey. Tr. at 559. However, upon cross-examination, Dr. Robinson could not point to a specific single injury that caused the death of Hailey. Tr. at 566.

{¶10} Later during the trial proceedings, appellant moved the court to instruct the jury on the lesser included offense of involuntary manslaughter. The trial court overruled the motion.

{¶11} The jury ultimately found appellant guilty of the charged offenses, and the trial court, as memorialized in a Judgment Entry filed on March 6, 2017, sentenced him

to an aggregate prison term of 23 years-to-life in prison (15 years-to-life for murder and a consecutive eight-year prison term for child endangering).

{¶12} On April 3, 2017, appellant filed a Notice of Appeal, raising the following seven assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELANT'S [SIC] MOTON [SIC] TO SUPPRESS.

{¶14} "II. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶15} "III. THE TRIAL COURT ERRED IN ADMITTING PHOTOS WHICH WERE INFLAMMATORY AND HIGHLY PREJUDICIAL.

{¶16} "IV. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF PRIOR BAD ACTS.

{¶17} "V. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON INVOLUNTARY MANSLAUGHTER.

{¶18} "VI. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSITUTION (SIC), BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSITANCE [SIC].

{¶19} "VII. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE APPELLANT'S CONVICTIONS AS ALLIED OFFENSES."

{¶20} On January 2, 2018, appellant filed a Petition for Post-Conviction Relief Pursuant to R.C. 2953.21. In his petition, he alleged that his trial counsel was ineffective

in failing to investigate an insanity defense. Appellant claimed that there was sufficient evidence of his insanity presented during the police interrogation during which he claimed he heard voices and through past medical reports that stated that appellant had an "unspecified mood disorder." On February 16, 2018, appellant filed a Motion for Summary Judgment.

{¶21} Pursuant to an Opinion filed on April 20, 2018 in *State v. Miku*, 5th Dist. Stark No. 2017 CA 00057, 2018-Ohio-1584, —— N.E.3d ——, this Court affirmed the judgment of the trial court.

{¶22} Appellee, on May 23, 2018, filed a response to appellant's Petition for Post-Conviction Relief and a Motion to Dismiss and for Summary Judgment. Appellant filed a reply to the Motion to Dismiss on June 11, 2018.

{¶23} The trial court, as memorialized in a Judgment Entry filed on June 27, 2018, denied appellant's Petition for Post-Conviction Relief and Motion for Summary Judgment and granted appellee's Motion to Dismiss and for Summary Judgment without a hearing. The trial court held that appellant was not entitled to a hearing because he had failed to meet his burden in demonstrating ineffective assistance of trial counsel and that appellant had not asserted or proven that he was insane at the time of the offenses

{¶24} Appellant now appeals from the trial court's June 27, 2018 Judgment Entry, raising the following assignments of error on appeal:

{¶25} "I. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT UNREASONABLY APPLIES STRICKLAND V. WASHINGTON TO THE FACTS OF PETITIONER'S CASE."

**{¶26}** "II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE INTO MIKU'S MENTAL HEALTH HISTORY SO THAT SHE COULD MAKE AN INFORMED DECISION AS TO WHETHER SHE SHOULD MOVE THE COURTS (SIC) FOR A MENTAL HEALTH EXPERT/ AND OR ASSERT A NGRI DEFENSE."

I, II

**{¶27}** Appellant, in the case sub judice, argues that the trial court erred in denying his Petition for Post-Conviction Relief and erred in failing to hold a hearing on the same.

**{¶28}** As in initial matter, we note that appellant contends that a pro-se, incarcerated inmate is entitled to have pleadings liberally construed. In support of this contention, appellant cites to *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 59430 L.Ed.2d 652 (1972). However, *Haines, supra,* was based on the federal Civil Rights Act of 1871 and is not precedent for Ohio post-conviction proceedings. "'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " (Italics sic.) *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238.

**{¶29}** In Ohio, R.C. 2953.21 governs petitions for post-conviction relief. Subsection (A)(1) states the following:

> (A)(1)(a) Any person who has been convicted of a criminal offense or
> adjudicated a delinquent child and who claims that there was such a denial
> or infringement of the person's rights as to render the judgment void or

voidable under the Ohio Constitution or the Constitution of the United States, any person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶30}** In *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus, the Supreme Court of Ohio held the following:

**{¶31}** "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

**{¶32}** A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶33}** In order for an indigent petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland* test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Bradley*, supra, 42 Ohio St.3d 136. The petitioner must therefore prove that: 1) counsel's performance fell below an objective standard of reasonable representation; and 2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*

**{¶34}** Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial

burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus; see, also *Strickland v. Washington*, supra, 466 U.S. at 687.

**{¶35}** We have previously held that our standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶ 27, citing *State v. Volgares,* 4th Dist. Lawrence No. 05CA28, 2006-Ohio-3788, ¶ 8, internal citation omitted.

**{¶36}** The Ohio Supreme Court has also recognized: "In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor,* 112 Ohio St.3d 377, 388, 860 N.E.2d 77, 2006–Ohio–6679, ¶ 51. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* 5th Dist. Knox No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). As an appellate court reviewing a trial court's decision in regard to the "gatekeeping" function in this context, we apply an abuse-of-discretion standard. *See Gondor, supra,* at ¶ 52, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); accord *State v. Scott,* 5th Dist. Stark No.2006CA00090, 2006–Ohio–4694, ¶ 34. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary

or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶37}** Appellant argues that his trial counsel was ineffective in failing to investigate his mental health history and pursue an insanity defense. In general, a trial counsel's failure to seek a competency evaluation or to pursue an insanity defense is not, per se, ineffective assistance of counsel. See *State v. Decker* (1986), 28 Ohio St.3d 137. It is only where the facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success that it is ineffective assistance of counsel to fail to pursue such a defense strategy. See *State v. Brown* (1992), 84 Ohio App.3d 414, 421-22.

**{¶38}** The insanity defense is set forth in R.C. 2901.01(A)(14), which provides:

**{¶39}** "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."

**{¶40}** Thus, for appellant to demonstrate that he was entitled to a hearing and/or post-conviction relief, he was required to make some facial showing that he would have had a reasonable probability of proving that at the time he commitetd the offenses, he "did not know, as a result of a severe mental disease or defect, the wrongfulness of [his] acts."

**{¶41}** The trial court found, and we concur, that appellant has not proven that he was insane at the time he committed the offenses against his daughter. While appellant has submitted materials in support of his petition indicating that he had an "unspecified

mood disorder" and allegedly heard voices, as noted by appellee and the trial court, they did not demonstrate insanity as defined by law. Appellant has not presented any <u>evidence</u> that he suffered from a mental defect or disease that prevented him from understanding the wrongfulness of his criminal conduct. As noted by the trial court, appellant "has thus failed to present a *prima facie* case of insanity. He has failed in demonstrating that his trial counsel was ineffective in failing to request the appointment of an expert witness in order to assist with a possible insanity defense. Counsel did not violate a duty of legal representation by failing to present a defense to a criminal charge without any evidence in support of that defense. Accordingly, [appellant] was not prejudiced by counsel's failure to pursue the insanity defense."

{¶42} Moreover, the evidence presented at trial did not demonstrate a possible insanity defense. As is stated above, there was testimony that appellant lied to paramedics and law enforcement about the cause of his daughter's death. He initially claimed that she fell down the stairs or off of the toilet and then claimed that she had an allergic reaction to Tylenol or Ibuprofen. There was thus evidence that he tried to conceal his criminal conduct. At some point, appellant began to concede that he had "severe anger issues," that he usually took his frustration out on Hailey, and that he had a hard time controlling himself when he acted violently. Tr. at 465. He then admitted that he had hit her in the face with an open hand, causing her ear to bleed, and that he had beat her with a curtain rod. Tr. at 467. Ultimately, appellant confessed to the detective that he had gone too far and killed her. Tr. at 468. When asked about Jessica Bender's role in the abuse of Hailey, appellant stated Bender "didn't have a hard bone in her body and

wouldn't hurt a fly." *Id.* Appellant also asked Det. Mongold to tell some of the neighbors that he knew what he had done was wrong. Tr. at 470.

**{¶43}** Based on the foregoing, we find that the trial court did not err in denying appellant's Petition for Post-Conviction Relief without a hearing. We find that appellant has not presented evidentiary quality materials supporting his allegation that his trial counsel was ineffective and that, therefore, his petition was properly dismissed by the trial court without a hearing.

**{¶44}** Appellant's two assignments of error are, therefore, overruled.

**{¶45}** Accordingly, the judgment of the Stark county Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Gwin, J. concur.