THE STATE EX REL. FULLER, APPELLANT, *v.* MENGEL, CLERK, ET AL.,
APPELLEES.

[Cite as *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448.]

*Mandamus sought to compel Clerk of Supreme Court of Ohio et al. to file relator's untimely corrected memorandum in support of jurisdiction received by the Clerk's Office — Court of appeals' dismissal of complaint affirmed.*

(No. 2003-1320 — Submitted November 19, 2003 — Decided December 24, 2003.)

APPEAL from the Court of Appeals for Franklin County, No. 03AP-2, 2003-Ohio-3558.

_____

**Per Curiam**.

**{¶1}** In March 1999, appellant, Johnny R. Fuller, submitted a notice of appeal, an affidavit of indigency, and a memorandum in support of jurisdiction to the Clerk's Office of the Supreme Court of Ohio for filing. By letter dated March 2, 1999, appellee Deputy Clerk Rita Nash informed Fuller that his memorandum had not been filed because his appeal was as of right.

**{¶2}** Fuller subsequently mailed a brief that was received by the Clerk's Office in October 1999. By letter dated October 20, 1999, Nash returned the brief to Fuller because he had failed to perfect his appeal within the time period prescribed by S.Ct.Prac.R. II(2)(A)(1). Fuller then requested the Clerk's Office to file his documents because he had delivered them to his prison's officials on the last day of the filing period. Appellee Deputy Clerk Helka Gienapp notified Fuller that the documents submitted by mail are not considered filed until

received by the Clerk's Office. Consequently, appellant's brief would not be filed because it was not timely submitted pursuant to S.Ct.Prac.R. XIV(1)(A).

**{¶3}** In September 2002, Fuller submitted certain documents to the Clerk's Office for filing. The Clerk's Office returned the submitted documents because the memorandum in support of jurisdiction exceeded the limit set by S.Ct.Prac.R. III(1)(C) and contained prohibited attachments. See S.Ct.Prac.R. III(1)(D). The Clerk's Office further advised Fuller that if he was appealing an August 13, 2002 judgment, his "corrected memorandum in support of jurisdiction, notice of appeal and affidavit of indigency must be received in the Clerk's Office no later than **Friday, September 27, 2002 by 5:00 p.m.**" (Emphasis sic.)

**{¶4}** Fuller claims that he gave the corrected documents to the prison mailroom supervisor on September 25, 2002 to be delivered to the Clerk's Office. The documents were not received by the Clerk's Office until September 30, and the office returned them to Fuller because they were not timely submitted.

**{¶5}** On January 2, 2003, Fuller filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, Marcia J. Mengel, Clerk of the Supreme Court of Ohio, and Deputy Clerks Nash and Gienapp, to file the corrected memorandum in support of jurisdiction received by the Clerk's Office on September 30, 2002. Fuller claimed that he was entitled to the writ because appellees' actions violated the First and Fourteenth Amendments to the United States Constitution, and Section 3, Article I of the Ohio Constitution ("The people have the right * * * to petition the general assembly for the redress of grievances"); R.C. 2921.31 (obstructing official business), and R.C. 2921.45 (interfering with civil rights). Fuller further asserted in this and other filings that appellees lacked authority to refuse to file his memorandum, that appellees had applied the Supreme Court Rules of Practice incorrectly, that appellees' conduct violated his rights to due process and access to the court, and that as a pro se

2

litigant, he was entitled to be treated differently from a litigant represented by counsel.

{¶6} Appellees moved to dismiss Fuller's complaint for failure to state a claim upon which relief can be granted. In July 2003, the court of appeals granted appellees' motion and dismissed Fuller's complaint.

{¶7} On appeal, Fuller asserts that the court of appeals erred in dismissing his mandamus complaint. In order to be entitled to the requested extraordinary relief in mandamus, Fuller had to establish a clear legal right to have his corrected memorandum in support of jurisdiction filed, a corresponding clear legal duty on the part of appellees to file it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 6.

{¶8} Fuller has no clear legal right to the requested relief, and appellees have no clear legal duty to provide it. Fuller was required to file a memorandum in support of jurisdiction "no later than 45 days from the entry of the court of appeals judgment being appealed." S.Ct.Prac.R. II(2)(A)(3)(b). When Fuller failed to submit his corrected memorandum to the Clerk's Office within that time period, appellees had a duty *not* to file the corrected memorandum. See S.Ct.Prac.R. XIV(1)(C): "No pleading, memorandum, brief, or other document may be filed after the filing deadlines imposed by the rules * * *."

{¶9} Appellees' application of these rules to Fuller's attempted filing did not violate his due process or any other asserted constitutional right. As the court of appeals held, Fuller "was given notice and the opportunity to be heard under the rules and simply failed to [follow] the procedure to avail himself of this opportunity." Similarly, the United States Court of Appeals for the Sixth Circuit held that this court did not violate an attorney's due process rights by entrusting the Clerk's Office with determining whether a merit brief was filed in accordance with the Rules of Practice. See *Metz v. Supreme Court of Ohio* (C.A.6, 2002), 46

Fed.Appx. 228, 234, 2002 WL 1941012, unreported ("there was no apparent due process violation when a clerk of the court is entrusted to make the determination whether Plaintiff's merits brief was filed in accordance with the applicable rules of practice governing the Supreme Court of Ohio").

{¶10} Moreover, appellees' application of the rules to Fuller's attempted filing did not, as Fuller claims on appeal, violate his constitutional right to equal protection. Instead, the rules apply equally to all litigants. "It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Serv.* (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238.

{¶11} Based on the foregoing, Fuller's complaint did not state a claim for extraordinary relief in mandamus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————————

Johnny R. Fuller, pro se.

Jim Petro, Attorney General, and Elise W. Porter, Assistant Attorney General, for appellees.

———————————