[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-8721.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8721

THE STATE EX REL. ROBINSON, APPELLANT, *v.* ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Robinson v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-8721.]

*Mandamus—Appellant failed to comply with mandatory filing requirements of R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1181—Submitted May 16, 2017—Decided November 30, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-284.

_____

**Per Curiam.**

{¶ 1} On April 13, 2016, appellant, Damon Robinson, an inmate at the Belmont Correctional Institution, filed an original action in the Tenth District Court of Appeals, seeking a writ of mandamus to compel the Ohio Adult Parole Authority

("APA") to conduct a new parole-revocation hearing. On July 25, 2016, a Tenth District magistrate sua sponte recommended dismissal of the petition.

{¶ 2} Robinson appealed. On September 14, 2016, he filed a merit brief. The APA responded by filing a motion to dismiss the appeal. For the reasons set forth below, we deny the motion to dismiss and affirm the judgment of the Tenth District Court of Appeals.

{¶ 3} The motion to dismiss is, in substance, a merit brief. It devotes three pages to defending the magistrate's decision and the remaining 53 pages to an extensive analysis of Robinson's prior litigation history and a detailed rebuttal of his constitutional claims, none of which is at issue in this appeal. But the motion presents no theory (such as, for example, untimeliness) for dismissing this appeal. Because the APA presents no basis for dismissal, we deny the motion.

{¶ 4} An inmate who commences a civil action against a government entity or employee must file an affidavit "that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). For each action or appeal, the affidavit must contain the case name, the case number, the court in which the case was filed, the name of each party, a brief description of the nature of the action or appeal, and the outcome. R.C. 2969.25(A)(1) through (4).

{¶ 5} Robinson submitted to the court of appeals along with his petition a document captioned "Affidavit of Prior Civil Filings" indicating that he had filed one civil action in the previous five years: "State Habeas Corpus Petition in the Seventh District Court of Appeals, case number **15 BE 62.** *The Outcome*: The Habeas Corpus was dismissed on procedural grounds, an appeal of right is pending in the Ohio Supreme Court. S.Ct. Case number _____." (Bold and underlining sic.) Robinson did not include the name of the case or the names of the parties, as expressly required by R.C. 2969.25(A)(2) and (3).

2

**{¶ 6}** "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. On appeal, Robinson asserts that he used a form provided by the prison's law library when drafting his affidavit and that he misunderstood what the statute required. However, there is nothing ambiguous or misleading about the language of R.C. 2969.25(A)(2) and (3), and " '*pro se* litigants are presumed to have knowledge of the law and legal procedures and * * * are held to the same standard as litigants who are represented by counsel,' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). Because Robinson failed to comply with the mandatory requirements of R.C. 2969.25(A), the court of appeals correctly dismissed his petition.

**{¶ 7}** Accordingly, we deny the APA's motion to dismiss, but we affirm the judgment of the court of appeals.

Motion denied
and judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents.

_____

Damon Robinson, pro se.

Michael DeWine, Attorney General, and George Horvath, Assistant Attorney General, for appellee.

_____