[Cite as *Parrish v. Glendale*, 2021-Ohio-4654.]

| | |
|---|---|
| KEVIN L. PARRISH | Case No. 2021-00280PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| VILLAGE OF GLENDALE VILLAGE ADMINISTRATORS OFFICE/PUBLIC RECORDS DEPARTMENT | |
| Respondent | |

{¶1} Requester Kevin L. Parrish, a self-represented litigant, objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Parrish's objections for reasons set forth below.

## I. Background

{¶2} On May 21, 2021, pursuant to R.C. 2743. 75(D), Parrish brought a complaint against Respondent Village of Glendale Village Administrators Office/Public Records Department (Village) in which Parrish alleges that the Village denied him access to public records in violation of R.C. 149.43(B). The Clerk of this Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

{¶3} On October 22, 2021, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends denying Parrish's claim for production of records as moot and assessing costs equally between the parties. (R&R, 6.) On November 9, 2021, Parrish filed written objections to the Report and Recommendation, which are not accompanied by a certificate of service. And, on November 5, 2021—before Parrish filed his objections—the Village filed a response to

Parrish's objections.   The Village's counsel certified that she served a copy of the Village's response upon Parrish via the Court's electronic filing system and "Certified Mail," according to a certificate of service accompanying the Village's response.

## II. Law and Analysis

{¶4} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.  Pursuant to R.C. 2743.75(F)(2), either party

> may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * *If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation.* If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. *The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.*

(Emphasis added.)    When a party does not timely object to a report and recommendation, R.C. 2743.75(F)(2) requires the Court to adopt a report and recommendation unless there is an error of law or other defect evident on the face of a report and recommendation.  And, pursuant to R.C. 2743.75(F)(2), if either party timely objects to a report and recommendation, the Court is required to adopt, modify, or reject a report and recommendation based on timely filed objections and responses thereto.

{¶5} Here, the Village has not objected to the Special Master's Report and Recommendation and Parrish has not <u>timely</u> objected to the Special Master's Report

and Recommendation.  A review of the docket discloses that Parrish received a copy of the Report and Recommendation on October 25, 2021.  Based on the Court's calculations, seven business days after October 25, 2021, is November 3, 2021.  Under R.C. 2743.75(F)(2), Parrish was required to have filed his objections on or before November 3, 2021, for Parrish's objections to be timely filed.  Parrish, however, did not file his objections until November 9, 2021.

{¶6} Because neither party has timely objected to the Special Master's Report and Recommendation, this Court therefore is required under R.C. 2743.75(F)(2) to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."  R.C. 2743.75(F)(2).  Based on the Court's review, there does not appear to be an error of law or other defect evident on the face of the Special Master's Report and Recommendation.  The Village's response to Parrish's untimely objections therefore essentially is moot.  *See State v. Carr*, 5th Dist. Stark No. 2014CA00200, 2015-Ohio-1987, ¶ 11 ("Black's Law Dictionary (8 Ed.Rev.2004) 1029 defines 'moot' as, among other things, '[h]aving no practical significance; hypothetical or academic'").

{¶7} Moreover, even if Parish had timely objected to the Special Master's Report and Recommendation, Parrish's objections are procedurally deficient.  First, although Parrish's objections contain the abbreviation of "cc" (carbon copy), which suggests copies of the objections were sent to certain identified persons, including the Village's counsel, Parrish's objections are not accompanied by a completed proof of service that states the date and manner of service.  *See* Civ.R. 5 (service and filing of pleadings and other papers subsequent to the original complaint); R.C. 2743.03(D) ("[t]he Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter").  Pursuant to Civ.R. 5(B)(4), "[d]ocuments filed with the court shall not be considered until proof of service is

endorsed thereon or separately filed."   Therefore, absent proof of service, this Court should not consider Parrish's objections.

{¶8} Second, Parrish does not identify whether a copy of his objections was sent by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).   The procedures mandated by the General Assembly in R.C. 2743.75(F)(2) embody the legislature's policy considerations as to the filing of objections to a report and recommendation issued under the special proceeding established in R.C. 2743.75.  *See Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44 (reaffirming that the General Assembly "is the ultimate arbiter of policy considerations relevant to public-records laws"); *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[t]he enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute").   Litigants—including self-represented litigants—therefore should follow requirements contained in R.C. 2743.75(F)(2) with respect to the filing of objections and responses to an objection.  *See State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'") *see also Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993) ("[w]hile one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel")

### III. Conclusion

{¶9} For reasons set forth above, the Court overrules Parrish's objections and the Court adopts the Special Master's Report and Recommendation.  Court costs are assessed equally between the parties.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed December 1, 2021**
**Sent to S.C. Reporter 1/21/22**