[Cite as *Stubblefield v. Montgomery Cty. Children Servs.*, 2022-Ohio-965.]

| | |
|---|---|
| PATRICIA STUBBLEFIELD | Case No. 2021-00390PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| MONTGOMERY COUNTY CHILDREN SERVICES | |
| Respondent | |

Requester Patricia Stubblefield—a self-represented litigant—objects to a Special Master's Report and Recommendation in this public-records case. Stubblefield's objections are not well taken for reasons set forth below.

### I. Background

**{¶1}** On July 12, 2021, Stubblefield filed a Complaint against Respondent Montgomery County Children Services (MCCS). In the Complaint, Stubblefield states, "The original request for records was submitted on March 16th, 2021. Several follow-up inquiries were submitted. The records were finally released on April 29th, 2021. Several of the pages within the request have been redacted. I do not believe these pages have been redacted truthfully/legally. I would like for the concealed portion of my request to be un-redacted and released to me for review."

**{¶2}** The Court appointed a Special Master who referred the case for mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the docket of the Special Master. On December 21, 2021, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends (1) denying the claim for production of records and (2) assessing costs equally between the parties. (R&R, 8.)

{¶3} MCCS has not filed any timely written objections to the Report and Recommendation. Stubblefield filed untimely written objections to the Report and Recommendation on January 11, 2022. MCCS has not filed a timely reply to Stubblefield's objections.

## II.    Law and Analysis

{¶4} R.C. 2743.75(F)(2) governs the filing of objections to a report and recommendation issued under the special proceeding established in R.C. 2743.75. *See generally Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[t]he enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute"). Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶5} Stubblefield's objections are not well taken for several reasons.

{¶6} First, Stubblefield's objections are not accompanied by <u>any</u> proof of service. Stubblefield thus has not complied with R.C. 2743.75(F)(2) that requires objections to be sent to the other party by certified mail, return receipt requested. The Court is cognizant that Stubblefield is a self-represented litigant but, as the Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed
> into litigation as a pro se litigant, the pro se litigant is to be treated the same
> as one trained in the law as far as the requirement to follow procedural law

and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at \*6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

{¶7} Second, the lack of proof of service fails to comply with Rule 5 of the Ohio Rules of Civil Procedure. *See* Civ.R. 5; *see also* 2743.03(D) (providing that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter"). Pursuant to Civ.R. 5(B)(4), "[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(4) is consistent with proof of service requirements contained in R.C. 2743.75(F)(2). Thus, under Civ.R. 5(B)(4), through R.C. 2743.03(D), the Court is prohibited from considering Stubblefield's objections until proof of service is endorsed on the objections or proof of service is separately filed.

{¶8} Third, Stubblefield's written objections are untimely under R.C. 2743.75(F)(2) and the Court is not required to consider them under the standard established by the General Assembly in R.C. 2743.75(F)(2). A review of the docket discloses that Stubblefield received a copy of the Report and Recommendation on December 24, 2021. R.C. 2743.75(F)(2) permits a party to object to a report and recommendation within seven business days after receiving the report and recommendation. *See* R.C. 2743.75(F)(2). Based on the Court's calculations, for Stubblefield's objections to be considered timely filed, Stubblefield was required to file her objections on or before January 5, 2022.

Stubblefield, however, filed her objections on January 11, 2022—six days after the deadline. According to R.C. 2743.75(F), "*[i]f neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation.*" (Emphasis added.) *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus (holding that, in statutory construction, the word "'shall" is required to be construed as mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage). The Court does not discern a clear and unequivocal legislative intent in the portion of R.C. 2743.75(F)(2), as cited above, that the word "shall" should receive a construction other than its ordinary usage.

{¶9} Accordingly, because neither Stubblefield nor MCCS have timely objected to the Special Master's Report and Recommendation, R.C. 2743.75(F)(2) requires the Court to promptly issue an order adopting the Report and Recommendation, unless the Court determines that there is an error of law or other defect on the face of the Special Master's Report and Recommendation. Upon review, the Court does not find any error of law or other defect evident on the face of the Report and Recommendation.

### III. Conclusion

{¶10} For reasons set forth above, the Court OVERRULES Stubblefield's written objections. The Court adopts the Special Master's Report and Recommendation. In accordance with the Special Master's recommendation, court costs are assessed

equally between the parties.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed February 1, 2022**
**Sent to S.C. Reporter 3/25/22**