[Cite as *Tingler v. Wyandot Cty. Prosecutor's Office*, 2022-Ohio-3559.]

| CHARLES TINGLER | Case No. 2022-00437PQ |
|---|---|
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| WYANDOT COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

**{¶1}** Requester Charles Tingler objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Tingler's objections for reasons set forth below.

**I.      Background**

**{¶2}** On May 25, 2022, Tingler, a self-represented litigant, filed a Complaint against Respondent Wyandot County Prosecutor's Office. In the Complaint, Tingler asserts: "Prosecutor Rowland falsely claims no records exist regarding [former Wyandot County Prosecutor] Jonathan Miller's death. Prosecutor Rowland and his investigator William Latham were on the scene that day and did a joint investigation with Police, Sheriff and coroner. Records do exist."

**{¶3}** The Court appointed a Special Master who referred the cause to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

**{¶4}** On July 28, 2022, Respondent responded to Tingler's Complaint and moved to dismiss the Complaint. Thereafter, on August 3, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master states, "Considering all the evidence before the court, the Special Master finds [Requester] has not proven by clear and convincing evidence that any responsive records existed in the [Respondent]'s keeping at the time the request was made." (Report and Recommendation, 5.) The

Special Master concludes: "Upon consideration of the pleadings and attachments the special master recommends the court deny requester's claim for production of records for failure to show that the requested records existed in respondent's keeping. It is recommended that costs be assessed to requester." (Report and Recommendation, 5.)

**{¶5}** On August 16, 2022, Tingler filed objections to the Report and Recommendation. In a certificate of service, Tingler certifies that he served a copy of his objections on Respondent's counsel "via U.S. mail." A week later—on August 23, 2022—Respondent filed a response to Tingler's objections, asking the Court to adopt the Report and Recommendation and deny Tingler's claim for production of records for failure to show that the requested records existed in Respondent's keeping. Respondent's counsel certifies that she served the response "by e-mail and/or U.S. Mail, postage prepaid" to Tingler.

**{¶6}** Without leave, on August 23, 2022, Tingler filed a document labeled "Memorandum in Opposition to Respondent's Response to Relator's Objections."

## II.    Law and Analysis

**{¶7}** R.C. 2743.75(F)(2) governs the filing of objections to a report and recommendation issued under the special proceeding established in R.C. 2743.75. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[t]he enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute"). Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the

response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶8} Both Respondent's response and Tingler's objections appear to contain procedural irregularities. Respondent failed to serve its response on Tingler by certified mail, return receipt requested (according to a certificate of service accompanying Respondent's response), as required by R.C. 2743.75(F)(2). Tingler failed to serve a copy of his objections by certified mail, return receipt requested (according to a certificate of service accompanying Tingler's objections), as required by R.C. 2743.75(F)(2), and Tingler's filing of August 23, 2022, is not statutorily authorized, as R.C. 2743.75(F)(2) does not permit a reply to a non-objecting party's response.

{¶9} The Court is cognizant that Tingler is a self-represented litigant but, as the Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

{¶10} A review of Tingler's objections discloses that Tingler does not call the Court's attention to any error in the Report and Recommendation. *See* R.C.

2743.75(F)(2) ("[a]ny objection to the report and recommendation shall be specific and state with particularity all grounds for the objection"). Rather, in the objections Tingler essentially claims that the Wyandot County Prosecutor has forged a document and the Prosecutor has filed a materially false affidavit. And in the conclusion of the objections Tingler asks the Court to issue orders to non-parties, as Tingler states: "PLAINTIFF RESPECTFULLY REQUESTS AN ORDER FROM THIS COURT THAT DIRECTS DIANE SCALA-BARNETT, LUCAS COUNTY CORONER, AND SHELLY SECOY, ADMINISTRATIVE ASSISTANT FOR THE WYANDOT COUNTY SHERIFF'S OFFICE TO FILE ANY AFFIDAVITS AND PROVIDE DOCUMENTS IN THEIR POSSESSION IN CONNECTION WITH THE DEATH OF WYANDOT COUNTY PROSECUTOR, JONATHAN MILLER. PLAINTIFF WOULD ALSO REQUEST AN ORDER DIRECTING DEFENDANT TO PROVIDE THOSE SAME RECORDS IN HIS POSSESSION."

{¶11} Upon review, notwithstanding Tingler's objections, the Court determines that the Special Master has correctly applied statutory law and case law as they existed at the time of the filing of the Complaint. The Special Master's recommendations are well taken.

### III.    Conclusion

{¶12} The Court OVERRULES Tingler's objections. The Court adopts the Report and Recommendation. Respondent's motion to dismiss filed on July 28, 2022, is moot.

Court costs are assessed to Tingler.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed September 1, 2022**
**Sent to S.C. Reporter 10/6/22**