[Cite as *Hicks v. Union Twp., Clermont Cty. Trustees*, 2022-Ohio-3558.]

| | |
|---|---|
| CHRISTOPHER RICHARD HICKS | Case No. 2022-00408PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| UNION TOWNSHIP, CLERMONT COUNTY, TRUSTEES | |
| Respondent | |

{¶1} Requester Christopher Richard Hicks objects to a Special Master's Report and Recommendation in this public-records case. Because the Special Master correctly applied statutory law and case law, as they existed at the time of the filing of the Complaint, to the facts of this case, the Court overrules Hicks's objections.

## I. Background

On May 11, 2022, Hicks, a self-represented litigant, filed a Complaint against Respondent Union Township, Clermont County, Trustees. Hicks states in the Complaint:

> I requested the distribution lists for township newsletters on January 12, 2022 (Exhibit 1). On January 26 my request was denied in full citing no statutory exemptions and three court cases (Exhibit 2). I asked for clarification of the complete denial on February 14 and April 26. I was denied again on May 10, 2022 (Exhibit 3).

> The township uses postal mail and email to distribute newsletters to some or all citizens in the township. The township maintains an online to sign up to receive the newsletters via email (consisting of only name and email address).

> * * *

Requester asks that the two requested distribution lists be provided in total or with limited redaction that may be supported by statute or caselaw.

{¶2} The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

{¶3} On August 16, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master "[found] that disclosure of the names and/or addresses of persons who automatically receive or have subscribed to the township newsletter would not further the purposes of the [Ohio Public Records] Act. They would not help to monitor the conduct of township government and would reveal little or nothing about the agency or its activities." (R&R, 5.) The Special Master concluded, "On consideration of the pleadings and attachments, the Special Master recommends the court deny the claim for production of records. It is recommended costs be assessed to requester." (R&R, 5.)

{¶4} On August 26, 2022, Hicks filed written objections to the Special Master's Report and Recommendation. Hicks certifies that he served a copy of his objections to Respondent's counsel "via electronic mail," according to a certificate of service accompanying Hicks's objections.

{¶5} On September 7, 2022, Respondent, through counsel, responded to Hicks's objections. Respondent's counsel certifies that he served a copy of Respondent's response to Hicks "via email and certified United States mail, return receipt requested."

## II.    Law and Analysis

{¶6} The General Assembly created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after

receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days."  R.C. 2743.75(F)(1).

{¶7} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation.  Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested.  The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶8} Hicks's objections do not comply with R.C. 2743.75(F)(2)'s procedural requirements, since, according to a certificate of service accompanying Hicks's objections, Hicks failed to serve a copy of his objections by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).  The Court is cognizant that Hicks is a self-represented litigant but, Hicks nonetheless is required to follow procedural law and court rules.  As the Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed
> into litigation as a pro se litigant, the pro se litigant is to be treated the same
> as one trained in the law as far as the requirement to follow procedural law
> and the adherence to court rules. If the courts treat pro se litigants

differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'").

{¶9} Hicks maintains is in his objections that the records that he seeks "are the records of a function of the Union Township government that document who receives government-approved communications in the form of a newsletter as part of a recurring activity of the government that [he] seeks to monitor." Hicks also maintains that the Special Master's adverse recommendation and reasons in support thereof constitute error. In opposition, Respondent contends that the Special Master correctly determined that the mailing lists sought by Requester are non-records.

{¶10} Hicks's objections resolve to this issue: whether the full email mailing list for Union Township's newsletter and the full postal mailing list for Union Township's newsletter (which are the subject of Hicks's public-records requests in his Complaint) are public records that are subject to disclosure under R.C. 149.43.

{¶11} The Court determines that neither the email mailing list nor the full postal mailing list constitutes a public record subject to disclosure under R.C. 149.43. For purposes of R.C. 149.43, a "public record" "means records kept by any public office[.]" R.C. 149.43(A)(1). Pursuant to R.C. 149.011(G), as used in R.C. Chapter 149, "records" "includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions,

which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

{¶12} For Hicks to be successful in his objections, Hicks is required to establish that the full email list used by Union Township and the full U.S. mailing list used by Union Township create a written record of the structure, duties, general management principles, agency determinations, specific methods, processes, or other acts of the Union Township.  *See State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 22.  In the Court's view, neither the full email list nor the full postal. mailing list documents the organization, functions, policies, decisions, procedures, operations, or other activities of Union Township within the meaning of R.C. 149.011(G).  Rather, the full email list and the full postal mailing list represent contact information that Union Township uses as a matter of administrative convenience.  *See State ex rel. Dispatch Printing Co.*, 106 Ohio St.3d 160, 2005-Ohio-4384, at ¶ 25.  Such a conclusion is consistent with the purpose of the Public Records Act, "'which is to expose government activity to public scrutiny.'" *State ex rel. Dispatch Printing Co.*, at ¶ 27, quoting *State ex rel. Cincinnati Enquirer v. Winkler,* 101 Ohio St.3d 382, 2004-Ohio-1581, ¶ 5, 805 N.E.2d 1094; *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 355, 1997 Ohio 271, 673 N.E.2d 1360 (1997).  Disclosure of the full email list and the full postal mailing list ostensibly would reveal little or nothing about Union Township or its activities, unlike Union Township's newsletters themselves.  *See State ex rel. Dispatch Printing Co.* at ¶ 27.

{¶13} Upon review, notwithstanding Hicks's objections, the Court determines that the Special Master has correctly applied statutory law and case law as they existed at the time of the filing of the Complaint.  Hicks's objections are not well taken.

## III.    Conclusion

{¶14} The Court OVERRULES Hicks's objections.  The Court adopts the Special Master's Report and Recommendation.  The Court denies Hicks's claim for production of records.  Court costs are assessed to Hicks.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed September 13, 2022**
**Sent to S.C. Reporter 10/6/22**