[Cite as *Clark v. Twinsburg*, 2022-Ohio-4330.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LYNN A. CLARK | Case No. 2022-00493PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF TWINSBURG | |
| Respondent | |

**{¶1}** Requester Lynn A. Clark objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Clark's objections for reasons set forth below.

## I.     Background

**{¶2}** On June 22, 2022, Lynn A. Clark, a self-represented litigant, filed a Complaint against Respondent City of Twinsburg (City), alleging a denial of access to public records in violation of R.C. 149.43(B). Clark asserts in the Complaint: "April 29, 2022, May 10, 2022, May 27, 2022, June 1, 2022, June 14, 2022. No documents have been provided nor has any reason been given as to why they have not been provided."

**{¶3}** The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. The City thereafter moved to dismiss Clark's Complaint under R.C. 2743.75(E)(2).

**{¶4}** On October 18, 2022, the Special Master issued a Report and Recommendation (R&R). The Special recommends denying the City's motion to dismiss. (R&R, 3.) The Special Master states in the Report and Recommendation's conclusion:

> Upon consideration of the pleadings and attachments, the Special
> Master recommends the court find that all of requester's sufficiently specific
> requests for public records have been rendered moot and deny the claim
> for further production of records.

The Special Master recommends the court find that no other violation of R.C. 149.43(B) has been shown. It is recommended costs be assessed to requester.

(R&R, 11.)

{¶5} On October 31, 2022, Clark filed written objections to the Special Master's Report and Recommendation. Clark's objections are not accompanied by any proof of service. On October 31, 2022, Clark filed another document that supplements his written objections. Clark's supplemental filing is not accompanied by any proof of service.

{¶6} On November 14, 2022, the City filed a written response in opposition to Clark's objections. The City's counsel certifies that "a copy of the foregoing Motion to Dismiss [sic] was filed electronically on November 14, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy of this Motion [sic] was also sent by electronic mail to Mr. Lynn Clark * * * and via certified mail, return receipt requested to: Lynn A. Clark * * *."

## II.    Law and Analysis

{¶7} The General Assembly created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days." R.C. 2743.75(F)(1).

{¶8} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other

party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. Clark's written objections and supplemental filing fail to comply with procedural requirements under R.C. 2743.75(F)(2) and the Ohio Rules of Civil Procedure.**

{¶9} Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and *sending a copy to the other party by certified mail, return receipt requested.*" (Emphasis added.) Clark's objections are not accompanied by any proof of completed service. Clark thus has failed to comply with R.C. 2743.75(F)(2)'s procedural requirements for serving written objections by certified mail, return receipt requested.

{¶10} Under R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." Pursuant to Civ.R. 5(B)(4), a served document is required to be "accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11." According to Civ.R. 5(B)(4), *"[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."* (Emphasis added.) R.C. 2743.75(F)(2)'s requirement that objections should be served on a non-objecting party is consistent with Civ.R. 5(B)'s service requirements. Therefore, under Civ.R. 5(B)(4) Clark's objections and supplemental filing (which, like Clark's objections, is not accompanied by proof of service) should not be considered by the Court, absent proof of completed service.

{¶11} The Court recognizes that Clark is a self-represented litigant but, Clark nonetheless is required to follow procedural law and court rules. The Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993).  *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'"). The Court does not look favorably on Clark's failure to follow procedural requirements under R.C. 2743.75(F)(2) or the Ohio Rules of Civil Procedure.

**B. Clark's request to consider new evidence is not well taken.**

**{¶12}** Under R.C. 2743.75(F)(2), any objection to the report and recommendation "shall be specific and state with particularity all grounds for the objection."  Clark states in the objections:

> Now comes Requester, Lynn A. Clark, with additional comments in response to Special Master Jeff Clark's October 16, 2022, Report and Recommendation. Please note those comments were submitted via USPS last week. Those are now moot considering the discovery of new evidence as described below.
>
> * * *
>
> Based upon these recent discoveries, the Requester believes that the burden of proof has been satisfied and respectfully requests that the Special Master review the newly presented documentation and modify the draft Report and Recommended.  Furthermore, if the Special Master finds this evidence persuasive, to place the burden of all fees upon the Respondent.

(Objections.)

{¶13} In response, the City essentially contends that Clark seeks to improperly introduce three new pieces of evidence and that Clark's purported new evidence is neither material nor pertinent because two of the three pieces of purported new evidence are not responsive to Clark's public-records requests and the other piece of new evidence is a document that has been provided to Clark in response to Clark's public-records requests.

{¶14} Clark's invitation to consider new evidence is not well taken.  As the Tenth District Court of Appeals has stated:

> Pursuant to long-standing precedent, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus. Similarly, a reviewing court cannot consider evidence that a party added to the trial court record after that court's judgment, and then decide an appeal from the judgment based on the new evidence.

*Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. Franklin No. 09AP-510, 2009-Ohio-6852, ¶ 15; *see Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, 841 N.E.2d 812, ¶ 6 (10th Dist.), fn. 2.  *Accord State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, ¶ 20, quoting *In re Adoption of Z.G.A.*, 2d Dist. Greene No. 2015-CA-51, 2016-Ohio-238, ¶ 29 ("'[a] party cannot introduce new evidence on appeal'").

{¶15} As a reviewing court in this public-records dispute, this Court should not add matter to the record before it, which was not part of the proceedings before the Special Master.  And, as the reviewing court in this public-records dispute, this Court should not consider evidence that an objecting party seeks to add to the record, and then decide the matter based on the new evidence.  *See Paasewe* at ¶ 15; *Stancourt* at ¶ 6, fn. 2.  Clark's request for the Court to consider new evidence is unpersuasive.

{¶16} Moreover, based on the Court's independent review, the Court finds that the Special Master's Report and Recommendation is correctly based on the ordinary application of statutory law and case law as they existed at the time of the filing of the Complaint.

**III.    Conclusion**

{¶17} The Court overrules Clark's objections for reasons set forth above.  The Court adopts the Special Master's Report and Recommendation.  Court costs are assessed to Clark.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

Filed November 16, 2022
Sent to S.C. Reporter 12/5/22