[Cite as *Rose v. Fairfield Cty. Sheriff Office Jail*, 2022-Ohio-4827.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOSEPH ROY ROSE<br><br>Requester<br><br>v.<br><br>FAIRFIELD COUNTY SHERIFF OFFICE JAIL<br><br>Respondent | Case No. 2022-00548PQ<br><br>Judge Patrick E. Sheeran<br><br><u>DECISION AND ENTRY</u> |

**{¶1}** Requester Joseph Roy Rose objects to a Special Master's Report and Recommendation in this public-records case. Respondent opposes Rose's objections. The Court overrules Rose's objections for reasons set forth below.

### I.    Background

**{¶2}** On July 12, 2022, Joseph Roy Rose, a self-represented litigant, filed a Complaint against Respondent Fairfield County Sheriff Office Jail, alleging a denial of access to public records in violation of R.C. 149.43(B). Rose handwrites in the Complaint: "Mr. Hawks will not give me my video of them hurting me / with no reason why." The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. In a single filing Respondent responded to Rose's Complaint and moved to dismiss Rose's Complaint on grounds of mootness.

**{¶3}** On November 8, 2022, the Special Master issued a Report and Recommendation (R&R). The Special has recommended denying Respondent's motion to dismiss. (R&R, 3.) In the Report and Recommendation, the Special Master made several findings. (R&R, 3,4,5,6,8.) Among the findings, the Special Master

> [found] that the sixteen weeks between the May 2, 2022 request and the
> SO's [Sheriff's Office] first attempt to deliver records on August 22, 2022

exceeds any reasonable period of time necessary to provide the records. See generally *State ex rel. Ware v. Bureau of Sentence Computation*, 10th Dist. Franklin No. 21-AP-419, 2022-Ohio-3562, ¶ 2, 16-17 and cases cited therein. The fact that the SO later located and copied the records in less than the five weeks between the filing of the complaint and delivery to Rose is demonstrative evidence that the process did not require sixteen weeks. On the facts and circumstances before the court, the Special Master finds the SO failed to make copies of the requested records available within a reasonable period of time, in violation of R.C. 149.43(B)(1).

(R&R, 8.)  The Special Master states in the Report and Recommendation's conclusion:

Upon consideration of the pleadings and attachments the Special Master recommends the court find that requester's claim for production of records is now moot. The Special Master further recommends the court find that respondent failed to produce the requested public records within a reasonable period of time. It is recommended requester be entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by requester, and that court costs be assessed to respondent.

(R&R, 8.)

{¶4} On November 30, 2022, Rose filed written objections to the Report and Recommendation.  Rose's objections are not accompanied by a completed proof of service that states the date and manner of service.

{¶5} Nine days after Rose filed his objections—on December 9, 2022—Respondent filed a written response to Rose's objections.  Respondent's response is accompanied by a certificate of service in which Respondent's counsel certifies that a copy of the response was served upon Rose "via U.S. Certified Mail, return receipt requested and electronic mail."  Respondent essentially urges the Court to overrule Rose's objections because Rose has failed to meet procedural requirements as to proper service of his objections and because the Special Master was correct in determining that Rose has failed to demonstrate by clear and convincing evidence that additional video exists.

{¶6} Respondent did not timely file any objections to the Special Master's Report and Recommendation.

## II. Law and Analysis

{¶7} The General Assembly created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days." R.C. 2743.75(F)(1).

{¶8} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

**A. Rose's written objections fail to comply with procedural requirements under R.C. 2743.75(F)(2) and the Ohio Rules of Civil Procedure.**

{¶9} Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and *sending a copy to the other party by certified mail, return receipt requested*." (Emphasis added.) Rose's objections are not accompanied by any proof of completed service. Rose thus has failed to comply

with R.C. 2743.75(F)(2)'s procedural requirements for serving written objections by certified mail, return receipt requested.

{¶10} Under R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." Pursuant to Civ.R. 5(B)(4), a served document is required to be "accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made and be signed in accordance with Civ.R. 11." According to Civ.R. 5(B)(4), *"[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."* (Emphasis added.) R.C. 2743.75(F)(2)'s requirement that objections should be served on a non-objecting party is consistent with Civ.R. 5(B)'s service requirements. Therefore, under Civ.R. 5(B)(4) Rose's objections should not be considered by the Court, absent proof of completed service.

{¶11} The Court recognizes that Rose is a self-represented litigant but, Rose nonetheless is required to follow procedural law and court rules. The Tenth District Court of Appeals has explained,

> While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, at *6 (Apr. 8, 1993). *Accord State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'"). The Court does not look favorably on Rose's failure to follow procedural requirements under R.C. 2743.75(F)(2) or the Ohio Rules of Civil Procedure.

**B. Rose's objections fail to identify error with the Special Master's findings of fact, conclusions of law, or recommendation that Respondent failed to timely produce public records to Rose.**

{¶12} R.C. 2743.75(F)(2) requires any objection to a report and recommendation to be specific and state with particularity all grounds for the objection. R.C. 2743.75(F)(2). In the objections, Rose appears to seek to demonstrate inconsistencies in Respondent's representations to the Court. Based on the Court's review, however, Rose does not identify any error with the Special Master's findings of fact, conclusions of law, or the recommendation that Respondent failed to produce requested public records to Rose within a reasonable period of time.

{¶13} The Court finds that Rose's objections are not persuasive. Based on the Court's review, the Special Master's Report and Recommendation is properly based on the ordinary application of statutory law and case law as they existed at the time of the filing of the Complaint.

### III. Conclusion

{¶14} The Court OVERRULES Rose's objections. The Court adopts the Special Master's Report and Recommendation. In accordance with the Report and Recommendation, the Court finds that Rose's claim for production of records is moot. The Court further finds that Respondent failed to produce the requested public records within a reasonable period of time. Because Respondent has denied Rose access to public records in violation of R.C. 149.43(B), Rose is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Rose, excepting attorney fees. Court costs are assessed to Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

_____

PATRICK E. SHEERAN
Judge

**Filed December 13, 2022**
**Sent to S.C. Reporter 1/9/23**