[Cite as *Lendmark Fin. Servs., L.L.C. v. Nixon*, 2026-Ohio-2185.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LENDMARK FINANCIAL
SERVICES, LLC,                           :

      Plaintiff-Appellee,          :

                        No. 115636

      v.                           :

JERMAINE NIXON,                          :

      Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 11, 2026

---

Civil Appeal from the Garfield Heights Municipal Court
Case No. CVF2470895

---

### *Appearances:*

Stephen D. Miles, Vincent A. Lewis, Carin E. Bigley, and Colton J. Abner, *for appellee*.

Jermaine Nixon, pro se.

SEAN C. GALLAGHER, J.:

{¶ 1} Jermaine Nixon, acting pro se, appeals the $13,232.38 judgment plus 24.99 percent annual interest entered on the consumer loan agreement and, in addition, the $7,055.20 award of attorney and expert witness fees awarded to Lendmark Financial Services based on Nixon's frivolous conduct in the municipal

court proceeding. Both judgments were entered following a bench trial. For the following reasons, we affirm.

{¶ 2} Nixon executed a promissory note effectively refinancing a vehicle loan with a small cash-out option — he received approximately $1,600 in excess of the previous loan. He made payments on the new loan for about a year before defaulting. Lendmark filed the underlying action seeking an award representing the principal balance owed by Nixon on the debt. All previously accrued interest and fees were abandoned, and Lendmark released the lien on Nixon's vehicle leaving him with a free and clear title. Nixon "acknowledged receiving [the] loan proceeds but disputed the legality of the loan's structure, including the accuracy of the disclosed APR and the inclusion of financed insurance premiums and add-on products." Appellant's brief, p. 2. Nixon came to his realization after consulting with ChatGPT or another generative-artificial-intelligence program ("AI") in preparation of his defense, which included the assertion of an affirmative defense seeking to rescind the contract under the Truth in Lending Act. In attempting to prove his claims, Nixon presented evidence generated by AI during the trial, which was rejected by the municipal court.

{¶ 3} Nixon timely appealed the final judgment and the municipal court's alleged failure to dispose of all of Nixon's motions. His five-page appellate briefing, however, does not comply with App.R. 16. The discussion and analysis provided for all five assignments of error comprise less than two pages and contain no legal authority to support any of the asserted conclusions. Each assignment of error is

supported by one or two short paragraphs (four lines or less) stating Nixon's preferred outcome. Under App.R. 16(A)(7), the appellant's brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 4} The sole reviewable authority cited by Nixon, although it only appears in his reply brief, is *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998) — in which the Supreme Court held that 15 U.S.C. 1635(f) extinguishes a consumer's three-year right to rescind a consumer loan transaction secured by the borrower's primary dwelling even if the borrower asserts the rescission as an affirmative defense to a foreclosure action. *Id.* at 411. In light of the undisputed fact that the loan at issue was originally secured by a motor vehicle, neither *Beach* nor 15 U.S.C. 1635(f) appears to have bearing on this case. Accordingly, Nixon's argument lacks supporting legal authority relevant to the asserted claims.[1]

{¶ 5} We cannot disregard this shortcoming. Pro se litigants, after voluntarily undertaking the burden of self-representation in a legal proceeding,

---

[1] We acknowledge that although Nixon attempted to correct this deficiency by filing a corrected appellate brief without leave less than a week before the scheduled oral argument, we cannot consider that filing. Briefing in this matter was complete according to App.R. 18(A). Further, that new briefing well exceeds that which is allowed under App.R. 21(I) (additional authorities for oral argument) and Loc.App.R. 21(G) (placing limitations on a notice of citation to additional authorities filed under App.R. 21(I)). No further briefing is permitted by rule, and therefore, the April 30, 2026 filing cannot be considered by this panel.

"are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). The parties, not an appellate court, bear the burden of advancing and supporting an argument with citations to legal authority and facts in the record. *State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part).

{¶ 6} In light of the fact that Nixon's brief solely relies on terse, conclusory statements representing his desired result, there is no relief we can offer without independently reviewing the record and legal authority of our own accord to formulate a legal argument on Nixon's behalf. That is well beyond the purview of any court. *Id.* Because none of the assignments of error included any legal authority to support the conclusory arguments presented, the assignments of error are disregarded. *See Roefer v. Riley*, 2025-Ohio-272, ¶ 25 (8th Dist.), citing App.R. 12(A)(2). The five assignments of error are overruled.

{¶ 7} As a result, we affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR