[Cite as *In re D.B.*, 2025-Ohio-1371.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.B., ET AL.                  :

                                       :                  No. 114404

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 17, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA 23 208215

### *Appearances:*

D.B. and R.B., *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellants D.B. and R.B. (collectively "appellants") challenge the judgment of the juvenile court denying their motions for past-care support. Appellants raise three assignments of error:

> 1. The trial court erred by not acknowledging any of the filed case law in its decision.
>
> 2. The trial court erred by not establishing the support order as a judicial order.
>
> 3. The trial court erred by not awarding D.B. past-care support.

{¶ 2} After a thorough review of the applicable law and facts, we affirm the judgment of the juvenile court.

## I. Factual and Procedural History

{¶ 3} Through her filings in the underlying matter, Appellant R.B. ("Mother") has alleged the following: Mother gave birth to D.B. on April 8, 2003. At the time she learned that she was pregnant, Mother had informed appellee A.A. ("Father") of her pregnancy at their shared place of employment. After initially agreeing to help her, A.A. terminated his employment and did not maintain contact with her. After D.B. was born, Mother attempted to notify Father through contact with his mother.

{¶ 4} In 2013, paternity was established and child support was administratively ordered by the Cuyahoga County Job and Family Services Office of Child Support Services. Child support was terminated in 2021 via administrative order once D.B. had turned 18 years of age.

{¶ 5} In July 2023, Mother filed a complaint to adopt the administrative child-support order as a judicial order. She later filed a motion for past-care support, supported by her own affidavit, where she testified that Father had never made any attempt to have contact with her or D.B., despite being aware of her pregnancy. She further stated that she had incurred all of the costs of raising D.B. and that D.B. had had to miss opportunities during his life due to Mother's financial constraints.

{¶ 6} D.B. was later added as a necessary party since he was over 18 years of age and pursued his own motion for post-care support.

{¶ 7} Father was served with the filings, and after several continuances, the court held a hearing where Mother, Father, and D.B., all appeared pro se. The Office of Child Support Services also appeared, represented by counsel.

{¶ 8} At the hearing, D.B. did not testify or present any evidence in support of his motion. Mother and Father both testified at the hearing as follows:

> [Mother testified that Father] was aware of her pregnancy and [D.B.] but failed to support [D.B.] until paternity was established and an administrative child support order was issued.
>
> . . .
>
> [Father] testified that he was not aware of the existence of [D.B.] until sometime in late 2012 or early 2013. [Father] admitted that he knew, and was involved with, [Mother] around 2002 or 2003 but that he never even knew her last name to try to locate her and was not aware of her pregnancy. On cross-examination, [Mother] asked about the conversation averred in her affidavit where he stated that he would help with [D.B.] but he did not recall this conversation ever taking place. When [Father] became aware of [D.B.] he went along with genetic testing and the administrative support order process but never heard anything more from [Mother]. [Father] stated that he would have been involved and helped out had he been aware of [D.B.]'s existence earlier. While he could not recall the exact date, [Father] knew that paternity was established administratively after genetic testing had been done and that it was shortly before the issuance of the administrative support order in 2013. [Father] also testified regarding his Social Security Statement . . . and provided his income information on the document for the years at issue . . . .

(Sept. 10, 2024, judgment entry p. 2.)

{¶ 9} Following the hearing, the magistrate issued a decision (1) denying Mother's motion for past-care support, finding that she lacked standing since D.B. was over the age of 18 at the time of the filing of her complaint; (2) denying Mother's complaint to adopt the administrative-support order as a judicial order as moot

since the court was not making any ongoing child-support orders; and (3) denying D.B.'s motion for past-care support because he failed to present any testimony, evidence, or witnesses in support of his motion.

{¶ 10} Mother and D.B. filed objections to the magistrate's decision, arguing that earlier pretrials had been held with one magistrate who retired and was replaced with another magistrate for the hearing. Appellants asserted that the prior magistrate had told them that "he had 'no problem' granting both motions for past care as well as to adopt the child support order as a court order, if it could be proven through [c]ase [l]aw that the [c]ourt had jurisdiction to do so." Appellants maintained that they were therefore under the impression that they only needed to provide case law supporting the court's jurisdiction and would not need witnesses or evidence. Appellants submitted three affidavits with their objections that they acknowledged had not been previously presented to the court.

{¶ 11} The juvenile court overruled the objections and adopted the magistrate's decision. Appellants then filed the instant appeal.

## II. Law and Analysis

{¶ 12} As noted above, the parties all appeared pro se throughout the lower court proceedings. Comment 4 to Jud.Cond.R. 2.2 states: "To ensure self-represented litigants the opportunity to have their matters fairly heard, a judge may make reasonable accommodations to a self-represented litigant consistent with the law." In addition, Comment 1A to Jud.Cond.R. 2.6 notes:

The rapid growth in litigation involving self-represented litigants and increasing awareness of the significance of the role of the courts in promoting access to justice have led to additional flexibility by judges and other court officials in order to facilitate a self-represented litigant's ability to be heard. By way of illustration, individual judges have found the following affirmative, nonprejudicial steps helpful in this regard: (1) providing brief information about the proceeding and evidentiary and foundational requirements; (2) modifying the traditional order of taking evidence; (3) refraining from using legal jargon; (4) explaining the basis for a ruling; and (5) making referrals to any resources available to assist the litigant in the preparation of the case.

{¶ 13} Our review of the record causes us to question the effectiveness of the hearing held in this matter. However, the record in this case is incomplete because appellants failed to file a transcript of the proceedings. The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 14} "This court has consistently held that '[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below.'" *Capriolo v. Am. Constr. Group, L.L.C.*, 2022-Ohio-4508, ¶ 26 (8th Dist.), quoting *Farmer v. Healthcare Bridge*, 2021-Ohio-3207, ¶ 6 (8th Dist.), quoting *Lakewood v. Collins,* 2015-Ohio-4389, ¶ 9 (8th Dist.). *See also Knapp* at 199 ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass

upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

{¶ 15} While we acknowledge that appellants have also been pro se in the current appeal, "'*pro se* litigants are presumed to have knowledge of the law and legal procedures and . . . they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Although appellate courts generally prefer to review a case on its merits and are willing to afford pro se litigants some leeway in construing their filings, the leniency that may be afforded is limited. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 11. Furthermore, "it is not for this court to assume the role of advocate for the pro se litigant." *Djurin v. Ginley,* 2023-Ohio-1041, ¶ 13 (8th Dist.), citing *Duncan v. Bartone*, 2022-Ohio-755, ¶ 7 (11th Dist.), citing *McGrath v. Mgt. & Training Corp.*, 2001-Ohio-8731, (11th Dist.).

{¶ 16} Because appellants failed to file a transcript pursuant to App.R. 9, we must presume regularity in the proceedings below.

## A. First Assignment of Error

{¶ 17} In their first assignment of error, appellants argue that the trial court failed to mention the case law provided to the court or the affidavits that had been presented.

{¶ 18} In their objections to the magistrate's decision, appellants presented a number of cases to the trial court regarding a juvenile court's jurisdiction to award

child support to an adult emancipated child. It is likely that the court did not specifically address this case law regarding jurisdiction because it does not appear that jurisdiction was a question in this case. Because we do not have a transcript, we cannot discern from the record that there had been any argument that the court lacked jurisdiction to rule on the motions.

{¶ 19} While the court determined that Mother lacked standing to request an award of past care, Mother also acknowledged the same, which is why she sought to have D.B. added as a party and pursue his own motion. We cannot find any error by the court in declining to specifically address the case law presented by appellants, particularly when the issue in the case law was not a basis upon which the court made its decision. The court is presumed to consider all evidence and arguments raised by the parties, but it is under no obligation to specifically address case law in its judgment entry simply because it was presented by the parties, particularly where the case law addresses an issue that was not disputed in the matter.

{¶ 20} The court was also not obligated to mention the affidavits presented with appellants' objections to the magistrate's decision. Under Civ.R. 53(D)(4)(d),

> [i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 21} These affidavits had not been submitted prior to the hearing before the magistrate, and appellants acknowledged that they had only been presented with

their objections to the magistrate's decision. "The fact that a trial court overrules a party's objections to a magistrate's decision and adopts that decision without a detailed explanation 'does not show lack of an independent review of the matters to which proper objections were raised.'" *Van Dress Law Offices Co., L.L.C. v. Dawson*, 2017-Ohio-8062, ¶ 18 (8th Dist.), quoting *Millers v. Kasnett*, 2015-Ohio-298, ¶ 21 (8th Dist.). "[T]he trial court is not required to 'comment or reference' any portion of the record in undertaking its independent review of the record." *Ernsberger v. Ernsberger*, 2014-Ohio-4470, ¶ 21 (8th Dist.), quoting *Pietrantano v. Pietrantano*, 2013-Ohio-4330, ¶ 18 (12th Dist.).

{¶ 22} We find no error by the juvenile court in not citing the case law raised by appellants or the affidavits presented. Appellants' first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 23} Appellants' second assignment of error states that the trial court based its decision on the lack of evidence presented at trial rather than the case law filed in support of the complaint and motions. However, appellants fail to set forth any separate argument in support of this assigned error and simply state that "[t]he facts in the above 'Assignment of Error One' apply herein for 'Assignment of Error Two.'" The brief then contains the same affidavits that were submitted with their objections to the magistrate's decision.

{¶ 24} Pursuant to App.R. 12(A), this court is to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16[.]"

App.R. 12(A) further provides that "errors not specifically pointed out in the record and separately argued by brief may be disregarded" by the reviewing court. *N. Coast Cookies v. Sweet Temptations*, 16 Ohio App.3d 342, 343 (8th Dist. 1984); *Martin v. Cuyahoga Cty. Prosecutor*, 2015-Ohio-4589, ¶ 10 (8th Dist.).

{¶ 25} We decline to construct an argument on appellants' behalf for this assignment of error, and thus it is overruled.

## C. Third Assignment of Error

{¶ 26} In their final assignment of error, appellants contend that the trial court erred by not awarding D.B. past-care support. In support of this argument, appellants cite several cases holding that a child who is now an adult can bring an action for past support up to five years after the child has reached 18 years of age under R.C. 3111.05.

{¶ 27} Pursuant to R.C. 3111.13, the court is granted authority to award past child support and birthing expenses for a minor child. As we noted above, the court did not deny D.B.'s motion based on a jurisdictional or statute of limitations issue. Rather, the court noted that D.B. did not present any evidence or witnesses and thus did not meet his burden of proof that Father was aware or should have been aware of his paternity of D.B. R.C. 3111.13(F) states in relevant part:

> (3)(a) A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child or to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement, if both of the following apply:

(i) At the time of the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the child was over three years of age.

(ii) Prior to the initial filing of an action to determine the existence of the parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child.

{¶ 28} With regard to this statutory issue, the court found that

[n]othing presented by any party establishes by clear and convincing evidence that [Father] knew or should have known that he was the father of [D.B.] prior to the establishment of paternity when D.B. was either nine (9) or ten (10) years old and there was no evidence presented by any party as to Mother's income during the relevant period of the past care award in order for the Court to determine an appropriate award of past care if entitlement to relief had been proven.

(Sept. 10, 2024, judgment entry p. 2.)

{¶ 29} The judgment entry notes that the court heard testimony from D.B., Mother, and Father. However, the judgment entry further states that "[w]hen provided an opportunity to present his case, [D.B.] offered no testimony in support of [his] motion, called no witnesses and presented no evidence to the court." Without a transcript to review, we must presume regularity in the proceedings below and assume that the statement that the court heard testimony from D.B. was a clerical error.

{¶ 30} Based upon the testimony from Mother and Father, the trial court determined that there was not clear and convincing evidence that Father should have known he was D.B.'s father prior to the establishment of paternity in 2013. Without the benefit of a transcript before us, we cannot say that the court erred in

finding that D.B. had not demonstrated that he was entitled to past-care support. Accordingly, appellants' third assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR