[Cite as *In re A.B.*, 2025-Ohio-4771.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

IN THE MATTER OF: A.B.

:

:   C.A. No. 2025-CA-24

:

:   Trial Court Case No. 22130067

:

:   (Appeal from Common Pleas Court-
:   Juvenile Division)

:

:   **FINAL JUDGMENT ENTRY &**
:   **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 17, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

C.K., Appellant, Pro Se
C.K. and R.K., Appellees, Pro Se
R.B., Appellee, Pro Se

TUCKER, J.

{¶ 1} C.K. ("Mother") appeals from the judgment of Miami County Court Common Pleas Court, Juvenile Division, denying her motion to terminate a prior order awarding legal custody of her minor child to the child's maternal grandparents. For the reasons set forth below, we affirm.

## I.     Factual and Procedural History

{¶ 2} R.B. and Mother are the biological parents of A.B., a female born in 2013. In February 2021, Miami County Department of Jobs and Family Services – Child Protective Services ("MCCPS") filed a complaint for dependency alleging that A.B. had been exposed to incidents of domestic violence between the parents, as well as ongoing substance use by the parents. Temporary custody of the child was awarded to her maternal grandparents. Following a hearing in May 2021, the child was adjudicated dependent.

{¶ 3} On January 14, 2022, MCCPS filed a motion to award legal custody to the child's maternal grandparents. In the motion, MCCPS asserted that the parents had refused to participate in their case plans. A hearing on the motion was conducted on May 21, 2022, following which the magistrate issued a decision granting legal custody to the grandparents. No objections were filed, and the juvenile court affirmed and adopted the magistrate's decision. No appeal was filed.

**{¶ 4}** On September 13, 2024, Mother filed a pleading entitled, "Motion to Terminate an Order of Disposition," which sought to return legal custody of A.B. to her. In the 45-page motion, Mother made numerous allegations regarding claimed improprieties committed by the magistrate, the attorney for MCCPS, the caseworker, the grandparents, and others involved in the original dependency action. She further alleged that the juvenile court, MCCPS and its attorney, and the grandparents engaged in fraud and "child stealing/kidnapping."

**{¶ 5}** A hearing on the motion was conducted on January 30, 2025. The magistrate denied the motion upon finding that Mother had failed to demonstrate a change in circumstances that would permit a change of custody. Mother filed objections to the decision in which she reiterated, and expanded upon, the claims made in the motion. On April 18, 2025, the juvenile court overruled the objections and adopted the magistrate's decision.

**{¶ 6}** Mother appeals.[1]

## II.     Failure to Issue Timely Ruling

**{¶ 7}** In her first argument, Mother asserts the juvenile court erred by "not ruling on the motion when [the grandparents] did not file an opposition to the motion to terminate an order of disposition." She cites Civ.R. 6 for the proposition that written responses to motions must be served within 14 days of service of the motion. It appears Mother believes the court, in the absence of a responsive pleading by the maternal grandparents, should have immediately and summarily granted her motion.

---

[1] The father, R.B., was not a party to the motion to terminate disposition and is not a party to this appeal.

3

**{¶ 8}** This court has addressed the law governing motions seeking to modify or terminate orders of disposition in cases involving dependent children. *In re J.B.*, 2024-Ohio-680 (2d Dist.). We stated:

"R.C. 2151.353(F)(1) and (2) and R.C. 2151.42(A) and (B) govern the modification or termination of dispositional orders involving abused, neglected, or dependent children." (Citations omitted.) *In re I.E.*, 2020-Ohio-3477, ¶ 10 (2d Dist.).

"R.C. 2151.353(F)(1) grants the juvenile court continuing jurisdiction over any child for whom the court had entered an order of disposition, and R.C. 2151.353(F)(2) allows any party (other than a parent whose parental rights have been terminated) to 'request the court to modify or terminate any order of disposition.'" *Id.*

"A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." R.C. 2151.42(B). "[I]n determining whether to return the child to the child's parent, the court must consider the best interest of the child." *In re I.E.* at ¶ 11, citing R.C. 2151.42(A).

Neither R.C. 2151.42, which governs the modification or termination of a dispositional order, nor R.C. 3109.04(E), which addresses the modification of a prior decree allocating parental rights, defines the meaning of "change in circumstances." With respect to R.C. 3109.04(B), "Ohio courts have held the

4

phrase pertains to 'an event, occurrence, or situation which has a material and adverse effect upon the child.'" *In re A.P.*, 2019-Ohio-139, ¶ 23 (2d Dist.), quoting *Pierson v. Gorrell*, 2012-Ohio-3878, ¶ 13. "In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one 'of substance, not a slight or inconsequential change.'" *Pierson* at ¶ 13, quoting Davis v. Flickinger, 77 Ohio St.3d 415, 418 (1997).

. . .

Indeed, "[t]he purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues that have already been determined by the trial court. * * * Therefore, the modification must be based upon some fact that has arisen since the prior order or was unknown at the time of the prior order." *Brammer v. Brammer*, 2011-Ohio-2610, ¶ 17 (3d Dist.), citing R.C. 3109.04(E)(1)(a).

*Id.*, ¶ 17-19, 24.

{¶ 9} In short, Ohio law holds that a juvenile court cannot modify or terminate a prior order of disposition in a dependency case unless it first determines whether the movant has demonstrated a change in circumstances. If the court finds a change in circumstances has occurred, it is then required to determine whether such a modification or termination is in the best interest of the child. This standard necessarily precludes the type of immediate and summary judgment to which Mother claims she was entitled given that, as noted by the lower court, her motion failed to raise or demonstrate any change in circumstances. Indeed, the court could have summarily dismissed her motion without a hearing merely upon the finding that Mother failed to allege the existence of a change in circumstances.

{¶ 10} Mother's first argument is overruled.

### III. Res Judicata

{¶ 11} In her second argument, Mother argues an affidavit filed by the maternal grandparents was deficient and should not have been considered by the lower court. The affidavit to which Mother refers was filed on April 21, 2022, as part of the original dependency action.

{¶ 12} The doctrine of "'[r]es judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time.'" *In re K.K.*, 2022-Ohio-3888, ¶ 60, quoting *State v. Griffin*, 2013-Ohio-5481, ¶ 3. A juvenile court's adjudication of a child as dependent followed by a dispositional order depriving a parent of custody of the child is a final appealable order. *In re C.B.*, 2011-Ohio-2899, ¶ 11; *In re Murray*, 52 Ohio St.3d 155 (1990), paragraph one of the syllabus.

{¶ 13} In May 2022, the juvenile court adjudicated A.B. a dependent child and issued a dispositional order in accordance with R.C. 2151.353(A). Mother could have argued the issues regarding the affidavit in a direct appeal from that judgment, but she did not appeal the original adjudication and disposition. As a result, the doctrine of res judicata bars her from raising any issue regarding the affidavit in this appeal.

{¶ 14} Mother's second argument is overruled.

### IV. Recusal

{¶ 15} In her third argument, Mother contends the magistrate before whom the motion to terminate was pending should have recused herself from the case. In support, Mother claims her motion "named [the magistrate] as someone who did not follow the laws, or their moral compass when making judicial decisions." Specifically, Mother asserts the magistrate

6

presided over a prior "child support hearing pertaining to [Mother] and her other child K.S." and that the magistrate improperly permitted the "Child Support Attorney . . . to prepare the Magistrate's decision which included a "false statement" that "ultimately made [Mother] pay double the amount in child support."

{¶ 16} This argument fails for two reasons. First, although Mother's motion to terminate does mention a prior child support hearing held by the magistrate in this action, it does not set forth any allegations of bias or wrongdoing that would form a basis for the magistrate's recusal. Moreover, none of the claims Mother makes regarding the magistrate are supported by any evidence in the record before us.

{¶ 17} Second, nothing in the record indicates that Mother sought recusal or that she filed any type of pleading asking that the matter be assigned to an alternate magistrate or that it be heard directly by the juvenile court. Given this, she has waived this issue for appeal.

{¶ 18} Mother's third argument is overruled.

## V.      Disregard of Portions of Motion

{¶ 19} In her fourth argument, Mother claims the magistrate erred by determining "that most of her motion would not be able to be used for the upcoming hearings" and "that [the magistrate] was only concerned with events that happened after [the] decision dated May 5, 2022." In support, Mother argues R.C. 2151.353(F)(2) permits a parent to request a termination or modification at any time and that the law "does not state that there are any statutes of limitations or time limits that may make facts and information in a motion inadmissible in the court when the disposition is being requested to be terminated by a party in the matter."

{¶ 20} Mother correctly notes there is no statute of limitations for filing a motion to terminate or modify an order regarding legal custody. However, regardless of the timing,

7

such a motion must set forth an adequate basis for modification or termination of legal custody. Mother was required to set forth allegations of a change in circumstances. R.C. 2151.42(B). Contrary to Mother's argument, the allegations regarding prior errors are irrelevant to the question of whether she had demonstrated a change in circumstances. Her reliance on those claimed prior errors as support for her motion to terminate or modify was misplaced. Mother cannot successfully argue that prior errors that she did not appeal constitute "facts that have arisen since the order was issued or that were unknown to the court at that time."

{¶ 21} Mother's fourth argument is overruled.

## VI.    Evidence

{¶ 22} Mother's fifth argument asserts the magistrate erred by failing to consider a "custody affidavit" she submitted on January 23, 2025. According to Mother, the affidavit outlines evidence of "corruption" and "illegal actions" relating to the original disposition.

{¶ 23} The appellate record does not include an affidavit filed on January 23, 2025. However, even if such an affidavit were included in the record, we would be constrained to conclude that the magistrate did not abuse its discretion in disregarding its contents. Again, any claims regarding the propriety of the first dispositional order are barred by the doctrine of res judicata.

{¶ 24} The fifth argument is overruled.

## VII.    Discovery

{¶ 25} In her sixth argument, Mother claims the lower court erred by failing to compel the maternal grandparents to comply with her discovery requests. In support, Mother alleges that she sent a request for production of documents to the maternal grandparents via

8

certified mail on December 26, 2024. She further notes that she filed a motion to compel discovery on January 30, 2025.

{¶ 26} The record does not support the claim that Mother requested discovery from the grandparents. Moreover, the motion to compel was not filed until the morning of the hearing. Given these circumstances, we cannot conclude the court abused its discretion by overruling the motion to compel.

{¶ 27} Mother has failed to demonstrate any error related to discovery issues. Accordingly, the sixth argument is overruled.

### VIII.    Appointment of Counsel

{¶ 28} In her seventh argument, Mother contends the lower court erred by failing to appoint a guardian ad litem or counsel to represent A.B. regarding the motion to terminate.

{¶ 29} Even if the juvenile court had erred in this regard, such error was harmless. Mother's motion did not allege any change of circumstances. Without such a showing, the lower court had no authority to consider the requested termination or modification of the legal custody disposition. Simply put, the appointment of a GAL or counsel would not have changed the outcome of this case.

{¶ 30} The seventh argument is overruled.

### IX.    Disqualification of Magistrate

{¶ 31} In her eighth argument, Mother asserts the juvenile court erred by permitting the magistrate who presided over the original adjudication and disposition to "proceed and make decisions about juvenile court cases." In support, she alleges that the magistrate was not eligible to serve in such a capacity because her license to practice law in Indiana was suspended. Again, this argument is precluded by the doctrine of res judicata.

9

**{¶ 32}** Mother's eighth argument is overruled.

## X.     Failure to File Transcript of Hearing

**{¶ 33}** Mother's ninth and tenth arguments contend the trial court erred by denying Mother's request that a transcript of the instant magistrate's hearing be prepared at the State's expense and by subsequently overruling her objections to the magistrate's decision based on her failure to file such a transcript. Mother first argues that she was entitled to the transcript at the State's expense because she was indigent. Alternatively, she argues Juv.R. 40(D)(3)(b)(iii) "does not state that a transcript needs to accompany an objection to a magistrate's decision."

**{¶ 34}** Mother's request for a transcript was filed on December 5, 2024; more than a month prior to the hearing on her motion to terminate disposition. Further, her request for a transcript was specifically directed toward seeking a transcription of all the proceedings conducted during the original dependency action. The request did not reference the 2025 motion to terminate hearing, nor did she make a subsequent request for a transcript of that hearing.

**{¶ 35}** Mother's claim that she was entitled to have the State pay for the transcript is unavailing. Unlike a case regarding the grant of permanent custody, this case did not involve the termination of Mother's parental rights that would have entitled Mother to a transcript of the proceedings at the state's expense. *See In re E.J.*, 2015–Ohio–731, ¶ 18 (12th Dist.) (affirming a trial court's decision to deny a mother's request for a transcript of a dispositional hearing at the state's expense in a legal custody case because the case did not involve the termination of the mother's parental rights). *Accord In re D.H.*, 2012-Ohio-2272, ¶ 12 (8th Dist.).

10

**{¶ 36}** Also, the assertion that a transcript was not required is without merit. Juv.R. 40(D)(3)(b)(iii) provides that the party objecting to a magistrate's decision "shall file a transcript" "of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." When a party fails to file a transcript of the proceedings, the juvenile court "may properly adopt a magistrate's factual findings without further consideration." *In re S.H.*, 2014-Ohio-4476, ¶ 13 (8th Dist.).

**{¶ 37}** Mother also did not make a transcript of the hearing part of the appellate record. However, even if the transcript were a part of our record, we would be precluded from reviewing it as it was not available for review by the juvenile court. *In re A.L.*, 2013-Ohio-5120, ¶ 12 (8th Dist.); *Starr v. Statler-Houchin*, 2024-Ohio-4628, ¶ 46 (3d Dist.).

**{¶ 38}** Finally, although Mother has acted pro se throughout the proceedings below and in this appeal, "'[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *In re Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10.

**{¶ 39}** The ninth and tenth arguments are overruled.

### XI.    Conclusion

**{¶ 40}** All of Mother's arguments on appeal being overruled, the judgment of the juvenile court is affirmed.

. . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.

11