**[Cite as *In re J.T.*, 2025-Ohio-5349.]**

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.T. :

A Minor Child : No. 114989

[Appeal by Mother, S.A.] :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD21900593

---

### *Appearances:*

S.A., *pro se*.

---

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant S.A. ("mother"), who is pro se, appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), that denied her motion to modify custody.[1]  Upon review, we affirm the decision of the juvenile court.

---

[1] The Cuyahoga County Division of Children and Family Services has not participated in this appeal.

{¶ 2} Mother and J.H.T. ("father") are the biological parents of the minor child, J.T., who was born in 2012. The child has been residing with the maternal grandmother since January 2021, when the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") filed a complaint alleging that J.T. was a dependent child, and the child was committed to the predispositional temporary custody of the agency. In May 2021, the child was adjudicated dependent and placed in the temporary custody of the agency. The juvenile court determined certain allegations of the amended complaint were proven by clear and convincing evidence. Among other issues were father's erratic and delusional behavior, his untreated mental-health issues, and the child's significant fear of returning to the care of the parents, who resided together. In June 2022, the juvenile court granted legal custody to the maternal grandmother. Mother did not appeal that decision.

{¶ 3} Upon an appeal by father, this court affirmed the decision to grant legal custody to the maternal grandmother in *In re J.T.*, 2022-Ohio-4747 (8th Dist.). As was recognized therein, although "there is no dispute that the parents love J.T. and wish to have him returned to their home[,]" there was testimony showing that "the parents failed to alleviate the agency's concerns for the child due to their tendency to deflect blame and their reluctance to acknowledge the issues that caused the child to be removed from their care," that the agency believed the parents had not benefitted from services, and that father continued to display "angry and erratic outbursts" and his mental health remained a concern. *Id.* at ¶ 44. Further, it was observed that the maternal grandmother had provided J.T. a safe and stable home

environment where his needs were being fully met, J.T. "consistently expressed a desire to remain in the custody and care of [the] [m]aternal [g]randmother," and "J.T. genuinely fears his father and does not wish to return to the parents' home." *Id.* at ¶ 43, 45. This court found that the juvenile court's best-interest determination was supported by the record and that the decision to grant legal custody to the maternal grandmother was not against the manifest weight of the evidence. *Id.* at ¶ 46.

{¶ 4} In August 2023, the juvenile court issued a ruling on a motion to show cause that was filed by mother, in which the juvenile court found no violation of the court's order regarding visitation. It also was observed by the juvenile court that the guardian ad litem ("GAL") reported the child was doing extremely well and thriving in the legal custodian's residence, the GAL did not see anything concerning, and the child was happy there. Further, the GAL had discussions with mother and father, and the GAL believed there may be underlying concerns because of their aggression.

{¶ 5} Relative to this appeal, mother filed a motion to modify custody that was heard by the juvenile court in March 2025. Mother and the child's legal custodian were present at the hearing, and the juvenile court heard evidence and testimony. The juvenile court, upon consideration of relevant factors and the facts that had arisen since the prior decree or that were unknown to the court at the time of the prior decree, found that "a change in circumstances has not occurred . . . that would require a modification of custody" and that "it is in the best interest of the child" for the maternal grandmother to continue as the legal custodian and

residential parent for school purposes. The juvenile court denied mother's motion, and mother timely appealed.

{¶ 6} On appeal, mother challenges the trial court's denial of her motion to modify custody. She asserts she has been deprived of her fundamental rights as a parent, and she claims the juvenile court erred by allowing the legal custodian to make the decision whether to allow the parent(s) to have unsupervised in-home visits.

{¶ 7} As the Supreme Court of Ohio has recognized, "Although parents have a fundamental right to parent their children, a child has basic rights to adequate care and to be free from abuse and neglect." *In re R.G.M.*, 2024-Ohio-2737, ¶ 16, citing *In re Schmidt*, 25 Ohio St.3d 331, 335 (1986). Therefore, "[j]uvenile courts are afforded broad discretion in fashioning a disposition following the adjudication of a child as being abused, neglected, or dependent, because the courts are charged with protecting the best interests of children." *Id.* at ¶ 16, citing R.C. 2151.353(A). "Legal custody is significantly different from the termination of parental rights — despite losing legal custody of a child, the parents of the child retain residual parental rights, privileges, and responsibilities." *In re Y.F.*, 2024-Ohio-5605, ¶ 31 (8th Dist.), citing R.C. 2151.353(A)(3)(c). Further, parents generally can petition the court for a modification of custody in the future. *In re M.P.*, 2025-Ohio-601, ¶ 16 (3d Dist.).

{¶ 8} "R.C. 2151.353(F)(1) and (2) and R.C. 2151.42(A) and (B) govern the modification or termination of dispositional orders involving abused, neglected, or

dependent children." (Cleaned up.) *In re A.B.*, 2025-Ohio-4771, ¶ 8 (2d Dist.). Pursuant to R.C. 2151.353(F)(1), the juvenile court has continuing jurisdiction over J.T. in this matter. Pursuant to R.C. 2151.353(F)(2), mother was permitted to file her motion to modify custody, and the juvenile court was to hold a hearing "as if the hearing were the original dispositional hearing . . . ."

{¶ 9} Pursuant to R.C. 2151.42(A), "At any hearing in which a court is asked to modify or terminate an order of disposition issued under [R.C.] 2151.353 . . . , the court, in determining whether to return the child to the child's parents, shall consider whether it is in the best interest of the child." Pursuant to R.C. 2151.42(B), an order of disposition issued under R.C. 2151.353(A)(3) granting legal custody of a child to a person "is intended to be permanent in nature[,]" and a court "shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."

{¶ 10} In this matter, mother's motion to modify custody requested that the child be placed in her custody. She asserted a change of circumstances occurred for the legal custodian, and she alleged false allegations were made for the legal custodian to gain custody of the child. On appeal, mother's arguments are centered on her interests in having custody of the child and/or unsupervised in-home

visitation with the child. However, the statutory focus is upon the best interest of the child.

{¶ 11} Because mother did not file a transcript of the hearing on her motion to modify custody or an alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings before the juvenile court. *See In re D.B.*, 2025-Ohio-1371, ¶ 14 (8th Dist.). We will not consider alleged facts that are not in the record before us. Although mother is pro se, she is held to the same standard as litigants who are represented by counsel. *Id.* at ¶ 15, citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10. "Furthermore, 'it is not for this court to assume the role of advocate for the pro se litigant.'" *Id.*, quoting *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 13 (8th Dist.). To the extent mother's brief contains arguments regarding the propriety of the 2022 dispositional order granting legal custody to the maternal grandmother, those arguments are barred by the doctrine of res judicata. *In re A.B.*, 2025-Ohio-4771, at ¶ 23. Further, mother's brief fails to meet the requirements of App.R. 16(A)(7).

{¶ 12} The record shows that the juvenile court determined a change in circumstances has not occurred, and the court did not find a modification of custody is necessary to serve the best interest of the child. The juvenile court considered relevant factors, engaged in a proper analysis, and found that it is in the best interests of the child that the maternal grandmother remains the legal custodian of the child. The record shows that the juvenile court ordered that mother "continue to have supervised parenting time." As the juvenile court recognized, "mother has

and continues to receive parenting time which is enjoyed by the child. While mother desires a return of custody for the child, it may serve[] the child's best interest to have additional opportunities to enjoy time in a community-based setting." The juvenile court included such opportunities in its decision by ordering that "Mother may attend [the] child's extracurricular sports activities and games pursuant to the [child's activity] schedule" and that the legal custodian provide mother with a copy of the child's soccer schedule.

{¶ 13} Upon our review, we do not find the juvenile court abused its discretion or otherwise erred in denying mother's motion to modify custody. Mother's assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)