[Cite as *In re N.R.*, 2026-Ohio-1873.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

IN RE N.R., ET AL.                     :

                                                          No. 115912

Minor Children                        :

[Appeal by Father]                  :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  May 21, 2026

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. FA24708266 and FA24708267

_____

***Appearances:***

Nathaniel Ransom, Jr., *pro se.*


KATHLEEN ANN KEOUGH, J.:

{¶ 1}   This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.  The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision.  *State v. Trone*, 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest,* 2014-Ohio-1735, ¶ 1 (8th Dist.).

{¶ 2}   Appellant-father ("Father") appeals the trial court's judgment entry adopting the magistrate's decision that dismissed Father's August 6, 2025 complaint to adopt the administrative support order as a judicial order and his

August 8, 2025 motion for relief from summary judgment. Finding no merit to the appeal, this court affirms.

{¶ 3} On July 12, 2024, the Cuyahoga County Child Support Enforcement Agency ("the Agency") issued an administrative order pursuant to R.C. 3119.01 for child support and medical support, ordering Father to pay approximately $1,226 in monthly child support ("administrative order"). Pursuant to R.C. 3111.84, Father filed timely objections to the administrative order in the Cuyahoga County Juvenile Court. In his objections, he only stated that he "believed the ruling did not consider factors such as time spent, daycare payments, and cost of living, also to establish paternity." Attached to his objections was the administrative order, which included a page containing the address presumably where Father was served — "824 S. Green Rd. 14." Father raised no objection about service or due process and did not challenge the court's jurisdiction.

{¶ 4} After multiple hearing dates at which Father appeared and participated, the magistrate conducted a hearing on Father's objections. The subsequently issued magistrate's decision provided that during the hearing, Father did not present evidence, but made a statement challenging the child-support process itself, including the court's general jurisdiction over him. The magistrate denied Father's objections to the administrative order.

{¶ 5} Father did not file objections to the magistrate's decision, but on December 18, 2024, Father moved to terminate child support, contending for the first time that the administrative order violated due process because it was not

properly served and he did not receive adequate information about the claims against him. In support, he attached the Agency's July 10, 2024 notice of a "phone hearing" that was sent to the "824 S. Green Rd." address. The record affirmatively shows that Father, at the time, lived at "842 S. Green Rd."

{¶ 6} On December 20, 2024, the trial court reviewed the magistrate's decision and entered judgment. Father filed a timely notice of appeal in this court. *See In re N.R.*, 8th Dist. Cuyahoga No. 114715. In July 2025, this court dismissed the appeal for lack of a final appealable order because the trial court's judgment entry did not comply with R.C. 3119.02 in setting forth Father's support obligations when a review of an administrative order occurs.

{¶ 7} On August 6, 2025, Father filed a "complaint to adopt the administrative child support order as a judicial order." But then on August 8, 2025, Father filed a "motion for relief from summary judgment," contending to have "newly discovered evidence of a due process violation. Evidence proves the [administrative order] failed to provide adequate notice, violating [his] [F]ifth and [F]ourteenth Constitutional rights." In his supporting affidavit, Father asserted that the address where he was served with notice of the administrative hearing did not exist nor did he live there and "the first documentation [he] received was the administrative order."

{¶ 8} In September 2025, the Agency, now known as the Office of Child Support Services ("OCSS"), moved to dismiss Father's complaint and motion for relief. Regarding Father's complaint, OCSS claimed that Father should have filed

his complaint as a new action in juvenile court because the prior action involving his objections to the administrative order had been litigated, including dismissal of the appeal. As for Father's motion for relief, OCSS contended that Father's motion should be dismissed pursuant to Civ.R. 12(B)(6) for failing to state a claim because the motion does not identify what order Father is seeking relief from.

{¶ 9} On October 28, 2025, a magistrate conducted a hearing on Father's August 2025 complaint and motion and on OCSS's motion to dismiss. In a decision rendered that same day, the magistrate granted OCSS's motion and thus dismissed Father's complaint and motion for relief. The magistrate found that Father "failed to state a claim establishing why his Complaint and Motion should be adopted as a judicial order. The obligor did not provide sufficient evidence to demonstrate good cause."

{¶ 10} Father did not file objections to the magistrate's decision.

{¶ 11} On November 18, 2025, the trial court, pursuant to Juv.R. 40 and Civ.R. 53, independently reviewed the magistrate's decision and entered judgment, incorporating the magistrate's decision.

{¶ 12} Father now appeals, raising the following five assignments of error:

I. The Juvenile Court erred on November 18, 2025, by refusing to hear Appellant's Rule 60(B) motion in Case Nos. FA24708266 and FA24708267, claiming a lack of jurisdiction in violation of the Supremacy Clause.

II. The court erred in sustaining an administrative order issued without a valid complaint and served to a non-existent address, rendering the judgment void ab initio.

III. The administrative order unconstitutionally delegates judicial power to an executive agency, violating the Separation of Powers and the Seventh Amendment right to a jury trial.

IV. The judgment is void because it was rendered by an adjudicator with a substantial pecuniary interest in the outcome, violating the Due Process Clause.

V. The proceedings violated the Equal Protection Clause and infringed upon fundamental parental liberty interests by denying basic procedural fairness.

{¶ 13} At the outset, we note that Father has not raised any challenge to the juvenile court dismissing his complaint. The assignments of error only challenge the juvenile court's order dismissing his motion for relief from judgment. Accordingly, this court will not address the validity of the juvenile court's order dismissing Father's complaint.

{¶ 14} Appellate courts review the trial court's decision to adopt a magistrate's decision for an abuse of discretion. *In re A.G.*, 2025-Ohio-4371, ¶ 13 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 15} Under Juv.R. 40(D)(3)(b), a party may challenge a magistrate's order through timely written objections. Additionally, under Juv.R. 40(D)(3)(b)(iii), any objection to a factual finding by the magistrate "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 16} Except for a claim of plain error, a party may not assign as error on appeal the court's adoption of any of the magistrate's factual findings or legal conclusions unless the party has timely filed objections and a transcript of the proceedings. Juv.R. 40(D)(3)(b)(iii) and (iv). In cases where a transcript is necessary to decide merits of the appeal but no transcript has been provided, this court is obligated to presume regularity of the proceedings. *See generally In re J.T.*, 2025-Ohio-5349 (8th Dist.).

{¶ 17} Father did not file objections to the magistrate's decision nor did he file a transcript of the magistrate's proceedings. Additionally, he has not asked this court to consider any arguments under a plain-error review.

{¶ 18} In Father's first and second assignments of error, he challenges the juvenile court dismissing his motion for relief from judgment. In his first assignment of error, he contends that the juvenile court erred by refusing to hear his motion for relief from judgment on the basis that it lacked jurisdiction. In support, he cites to the Supremacy Clause of the United States Constitution, contending that the juvenile court cannot "abdicate its duty to protect" constitutional rights and procedural fairness by bypassing "its inherent duty to vacate a void judgment by claiming a lack of forum." Based on the arguments raised throughout his brief, he claims the administrative order is void because he was not properly served with any notice of the administrative proceeding or the order. Accordingly, in his second assignment of error, Father challenges that he was not properly served with the administrative order.

{¶ 19} This court recognizes that notice of the administrative proceedings and the subsequent administrative order were possibly sent to an address where Father did not reside. But the record conclusively demonstrates that Father received the administrative order because he timely filed objections to the order in 2024. Additionally, the attachments to his objections showed that the order was sent to an address where Father now claims that he did not reside. Any argument about notice or service could have been raised in his July 2024 objections. Accordingly, his motion for relief from the administrative order on this basis was properly rejected. Father's first and second assignments of error are overruled.

{¶ 20} We summarily overrule Father's third, fourth, and fifth assignments of error because, notwithstanding Father's failure to object to the magistrate's decision, he did not raise these constitutional challenges in the juvenile court in his complaint or his motion for relief. *See generally In re Ch.O.*, 2005-Ohio-1013 (8th Dist.) (failing to raise argument in the trial court waives it on appeal).

{¶ 21} Judgment affirmed.

It is ordered that the appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
SEAN C. GALLAGHER, J., CONCUR